UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CARTER AT MAIN, LLC | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-296 |
| | ) | |
| ACUITY INSURANCE COMPANY | ) | |
|    Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's "Motion to Set Aside Judgment Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure." [Doc. 25]. The defendant has responded in opposition. [Doc. 27]. For the reasons which follow, the motion will be reluctantly granted.

**I.  Background**

The complaint was filed in this case on December 28, 2007. [Doc. 1]. After a change in counsel for both parties, Acuity Insurance Company ("Acuity") filed a motion for summary judgment on July 15, 2008. [Doc. 21]. A second change in counsel for plaintiff occurred on July 17, 2008. [Doc. 22]. No further activity occurred in this case until this Court granted the unresponded to motion for summary judgment on January 28, 2009. [Docs. 23, 24]. Plaintiff then filed the instant motion.

## II. Discussion

Rule 60 of the Federal Rules of Civil Procedure provides that a party or its legal representative may be relieved from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable negligent; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)

Plaintiff relies primarily on Rule 60(b)(1) based on the neglect of counsel. Plaintiff has attached to its motion the affidavit of its attorney. Plaintiff's attorney asserts that he was retained to represent plaintiff on July 3, 2008, that he immediately corresponded with defendant's attorney, informing him that his client wished to voluntarily dismiss the instant action in federal court and proceed instead with an identical suit pending in the Carter County, Tennessee, Circuit Court and that he was on vacation for the week beginning July 7, 2008.

On July 15, 2008, Acuity filed its motion for summary judgment which, according to plaintiff's counsel, "prevented Carter at Main, LLC from taking a voluntary dismissal" of the

2

instant case.[1] According to counsel's affidavit, counsel was then advised by Acuity's attorney that Acuity was willing to delay a hearing on its motion for summary judgment until the plaintiff had an opportunity to meet with or depose the adjuster assigned to the case. That understanding was confirmed by letter to defendant's counsel dated July 25, 2008. Conversations and/or correspondence between the attorneys for these parties apparently continued throughout the remainder of 2008 and, as late as January 21, 2009, defendant's attorney offered to set up a meeting between plaintiff's counsel and the adjuster, as well as the CPA who had been involved in analyzing the payments made by Acuity to the plaintiff previously. The defendant's attorney advised that he "want(s) to move this case toward completion ASAP."

In Acuity's response to the Rule 60(b) motion of the plaintiff, defendant's attorney acknowledges that he had agreed to a reasonable extension of time for the plaintiff to respond to the pending motion for summary judgment. He asserts, however, that he did not intend for the plaintiff to have an "indefinite period of time" for response. He correctly asserts that it was the responsibility of the plaintiff's attorney to seek court approval for any agreed to extension and to file all necessary pleadings related thereto. The defendant argues that plaintiff's neglect in seeking a court approved extension of time to respond to the motion for summary judgment should be attributable to the plaintiff and, further, that the facts before

---

[1] Plaintiff's counsel is correct that the filing of the motion for summary judgment prevented Carter at Main from voluntarily dismissing its federal court complaint pursuant to Rule 41(a)(1)(A) without leave of court. Plaintiff could, however, have sought to dismiss her federal action pursuant to Rule 41(a)(2). Plaintiff never requested an order of the Court permitting her to voluntarily dismiss the instant action.

3

the Court show that the plaintiff has already been made whole by previous payments by Acuity to the plaintiff.

As an initial matter, there can be little question in this case that the situation confronting the Court arises primarily from the neglect of plaintiff's counsel. The real question is whether or not the neglect was "excusable" under Rule 60(b). This Court has wide discretion in deciding a Rule 60(b) motion; even so, the Court would ordinarily not grant relief where the entry of the judgment had resulted strictly because of plaintiff's attorney's neglect of his duties to his client. While it cannot be reasonably argued that the blame for the failure of plaintiff's counsel to seek this Court's approval of an extension of time for the filing of a response to the motion of summary judgment lies anywhere except with plaintiff's counsel, the defendant is not completely blameless in this situation and defense counsel's effort to take advantage of the situation, which he in some ways helped create, is somewhat disingenuous. Neither party suggests to this Court that there was a definite time limit placed on the agreement of the parties' counsel for an extension of time to respond to the motion for summary judgment, both plaintiff and defendant have participated in the conversations taking place between the parties and, very importantly, the defendant's counsel had agreed *as late as January 21, 2009*, to make the adjuster and CPA available for consultation. Defendant took no action during the six months between the filing of the motion for summary judgment and the Court's action on the motion to call the matter to the Court's attention, it never made demand that the plaintiff respond to the motion for summary judgment and it proceeded in its conversations with the plaintiff as if it tacitly

4

agreed to the efforts being made to resolve the matter. Lastly, the defendant points to absolutely no prejudice to the defendant which would result from this Court exercising its discretion under Rule 60(b) to set aside the January 28, 2009 judgment. For all these reasons, the Court reluctantly will grant the plaintiff's motion.

There is one last matter, however, which the Court will address. The response of plaintiff's counsel suggests to the Court a lack of understanding about this Court's procedures in dealing with motions for summary judgment. Plaintiff's counsel appears to assume that this Court will hold a hearing on the motion for summary judgment. Rule 56 does not require this Court to hold a hearing on the motion for summary judgment, *see Dayco Corp. v. Goodyear*, 523 F.2d 389 (6th Cir. 1975), and the local rules provide that the matter will be disposed of routinely once it is "at issue" without a hearing unless a party requests a hearing or the Court desires a hearing on the motion. *See* LR7.2, Local Rules of the United States District Court for the Eastern District of Tennessee. Counsel for plaintiff should familiarize himself with the local rules of this Court and is forewarned that failure to timely respond to a motion may be deemed a waiver of any opposition to the relief sought in that motion.

### III.  Conclusion

For the reasons set forth above, plaintiff's motion to set aside judgment, [Doc. 25], is **GRANTED** and the Court's judgment of January 28, 2009, is **VACATED AND SET ASIDE**. Plaintiff shall file its response to the pending motion for summary judgment within twenty (20) calendar days of the entry of this order. Upon the filing of plaintiff's response,

5

the motion will be considered ripe for disposition and will be routinely disposed of thereafter.

So Ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE