UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CARTER AT MAIN, LLC )
)
      Plaintiff, )
)
v. ) No. 2:07-CV-296
)
ACUITY INSURANCE COMPANY )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

This insurance contract matter is before the Court on defendant's Motion for Summary Judgment, [Doc. 20]. The plaintiff has responded, [Docs. 29 and 30], and the matter is ripe for review.[1]

The plaintiff's representative, Ms. Linda Whitehead, requested an insurance policy from the defendant on December 21, 2005. According to the defendant, on December 22, 2005, it sent an application rejection form to the plaintiff stating that the application would not be accepted and the expiration date of the binder would be January 7, 2005. The plaintiff sustained the fire loss on December 31, 2005.

---

[1]This Court previously granted the defendant's motion; however, on March 3, 2009, this Court granted the plaintiff's "Motion to Set Aside Judgment Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure," [Doc. 28], and allowed the plaintiff to respond to the defendant's motion. The plaintiff did so on March 20, 2009, and supplemented that response on March 23, 2009.

The plaintiff claims that on this date, its "building and its contents were insured by the defendant . . . and the plaintiff was also insured for other damages, including expenses for debris removal, preservation of property, loss of income and continuing normal operating expenses incurred, including payroll, as a result of a fire or other casualty pursuant to the provision of Policy N[umber] L31967 issued by it to the plaintiff." More specifically, the plaintiff claims that the defendant paid it the $150,000.00 policy limit regarding the preservation of property portion of the binder; however, it has not paid the total balance of all claims, which is $232,822.30. The total sum is comprised of $96,052.07 still owing under the building and equipment portion of the binder and $136,770.13 under the business interruption portion of the binder. The plaintiff's final claim is that the defendant acted in bad faith in refusing to pay the amount allegedly owed.

The defendant argues that it made the payments for the business interruption coverage, including any claim for "'loss of income and continuing normal operating expenses incurred, including payroll'" (quoting the plaintiff), pursuant to the information the plaintiff provided. The defendant further claims that the plaintiff has not submitted any specific claim or documentation supporting the allegation of more money owed. In addition, the defendant contends that it has not breached the contract regarding any alleged outstanding payment for equipment or building repairs

-2-

because the plaintiff has failed to submit any type of claim regarding these particular portions of coverage. Finally, the defendant argues that it did not act in bad faith for refusing to pay additional sums because no formal demand was made by the plaintiff. Accordingly, the defendant claims that the plaintiff has not created a genuine issue of material fact that it breached the contract or acted in bad faith.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a

material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

Both parties submitted affidavits to support their respective positions. It is clear from those affidavits that there is a genuine issue of material fact as to whether the defendant breached the contract by failing to pay sums owed. The defendant claims in its affidavit that the plaintiff did not request payment for outstanding claims, and the plaintiff argues in its affidavit that it did. The plaintiff further sets forth specific and particularized claims and the exact amounts owed. Thus, there is a genuine issue of material fact as to a breach. In addition, the affidavits also create a genuine issue of material fact as to whether the defendant acted in bad faith. *See* Tenn. Code Ann. § 56-7-105 (2009); *see also Hampton v. Allstate Ins. Co.*, 48 F.Supp.2d 739, 746-47 (M.D. Tenn. 1999). As such, it is hereby **ORDERED** that the defendant's motion, [Doc. 20], is **DENIED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE